Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
fjrooks@jacobsonrooks.com
(856) 874-8999
(856) 494-1707*fax*                                                    Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JASON DOLAN** | : | No. |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **GALLAGHER POWER WASHING** | : | |
| and | : | |
| **SEAN GALLAGHER** | : | |
| | : | **COMPLAINT** |
| | : | |
| Defendants | : | |

**PRELIMINARY STATEMENT**

Jason Dolan (the "Plaintiff"), by and through his counsel, brings this lawsuit against Gallagher Power Washing and Sean Gallagher seeking all available relief under the Uniformed Services Employment and Re-employment Rights Act and the Pennsylvania Military Affairs Act for their termination of his employment in response to his participation in training exercises with the Pennsylvania Army National Guard failure to comply with the Act's accessibility requirements.

## I. JURISDICTION

1. This action is brought pursuant to the Uniformed Services Employment and Re-employment Rights Act, 38 U.S.C. §§ 4301 et. seq.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this Court, pursuant to 28 U.S.C. §1331.

3. This Court also has jurisdiction over this matter under 38 U.S.C. § 4323.

4. This Court has supplemental jurisdiction to entertain the State law cause of action under 28 U.S.C. § 1367(a).

## II. VENUE

5. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

6. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III. PARTIES

7. Plaintiff is a 28 year-old adult male who currently resides in Pennsylvania.

8. At all times relevant to the allegations herein, the Plaintiff was a member of the Pennsylvania Army National Guard.

9. Gallagher's Power Washing has a business address of 57 Shropshire Drive, West Chester, Pennsylvania 19382.

10. Sean Gallagher is the principal of Gallagher's Power Washing.

11. Upon information and belief, Sean Gallagher is a resident of Pennsylvania.

12. Gallagher's Power Washing and Sean Gallagher shall collectively be referred to as the "Defendants."

## STATEMENT OF FACTS

12. The Plaintiff began his employment with Gallagher's Power Washing on or about April 2017.

13. The Defendants employed the Plaintiff as a laborer for the power washing business.

14. The Plaintiff worked in a full-time capacity for the Defendants.

15. As a laborer, he earned $12.00 per hour.

16. The Plaintiff is an infantryman with the Pennsylvania Army National Guard.

17. Upon his hire, he presented the Defendants with his Pennsylvania Army National Guard training schedule.

18. The training schedule delineated the dates that the Plaintiff would need to take off from work to participate in the Pennsylvania Army National Guard's training exercises.

19. On or about June 1, 2017, prior to the beginning of his annual Pennsylvania Army National Guard training, the Plaintiff again reminded the Defendants that he would need to out of work.

20. The Plaintiff continued to work for the Defendants until July

21. As of the day that he left for training with the Pennsylvania Army National Guard, he was still employed by the Defendants.

22. On June 9, 2017, the Plaintiff started his training for the Pennsylvania Army National Guard.

23. The Plaintiff's training lasted until July 2, 2017.

24. Upon his return from his training, the Plaintiff contacted the Defendants to let them know that he was back from training and could resume his position.

25. On or about July 5, 2017, the Defendants informed the Plaintiff that he was terminated.

26. The Defendants refused to re-employ the Plaintiff and instead told him that he was fired for not being at work.

## THE UNIFORMED SERVICES EMPLOYMENT AND RE-EMPLOYMENT RIGHTS ACT

26. The Uniformed Services Employment and Re-employment Rights Act ("USERRA") requires all public and private sector employers to provide leaves of absence to employees who need to satisfy their military obligations. 38 U.S.C. §§ 4301 et. seq.

27. USERRA requires re-employment of employees who leave work for military service, prohibits retaliation and discrimination against employees because of their military service, and prohibits termination because of military service. Id.

28. The "uniformed services" covered under USERRA include the Armed Forces (Army, Navy, Air Force and Marines), the Army National Guard, the Air National Guard, full-time National Guard duty, the commissioned corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency. 38 U.S.C. § 4303(16).

29. USERRA permits the aggrieved employee to collect damages, which includes back-pay, and liquidated damages in the amount of two-times the amount of back-pay damages. 38 U.S.C. § 4323(d)(1)(C).

30. Performance of the following duties on an involuntary or voluntary basis constitutes "service in the uniformed services" under USERRA: 38 U.S.C. § 4303(13).

    a. active duty;

    b. active duty for training;

    c. initial active duty for training;

    d. inactive duty training;

    e. full-time National Guard duty; and,

    f. absence from work for an examination to determine an individual's fitness for any of the above types of duty.

31. An employer violates USERRA if "the person's membership [in the military] is a motivating factor in the employer's action. 38 U.S.C. § 4311(c)(1).

## THE PENNSYLVANIA MILITARY AFFAIRS ACT

32. Under the Pennsylvania Military Affairs Act ("PMMA"), "[i]t is unlawful for the Commonwealth or any of its departments, boards, commissions, agencies or any political subdivision, or for any private employer, to refuse to hire or employ any individual not on extended active duty because of his membership in the National Guard or any one of the other reserve components of the armed forces of the United States, or because he is called or ordered to active State duty or special State duty by the Governor during an emergency or as otherwise authorized by law, or because he is called or ordered to active duty by the Federal Government under provisions of 10 U.S.C. (relating to armed forces) or 32 U.S.C. (relating to National Guard), or to discharge from employment such individual, or to

otherwise discriminate against such individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment because of such membership, or because he is called or ordered to active State duty by the Governor during an emergency or because he is called or ordered to other military duty authorized by law." 51 Pa. Cons. Stat. § 7309(a).

33. The PMAA should be interpreted in conformity with USERRA. Murphy v. Radnor Twp., 542 Fed.Appx. 173, 180 (3d Cir. 2013).

## COUNT I –

## DEFENDANTS' VIOLATION OF USERRA

34. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

35. The Plaintiff was working for the Defendants up and until the day that he left for training exercises with the Pennsylvania Army National Guard.

36. The Plaintiff properly notified the Defendants of his need for leave to participate in the military training exercises.

37. The Plaintiff started his military training exercises on or about June 9, 2017.

38. Upon his return from the Pennsylvania Army National Guard training exercises, the Defendants terminated his employment.

39. The Defendants refused to reemploy the Plaintiff.

40. The Defendants would not have terminated the Plaintiff in the absence of his membership in the Pennsylvania Army National Guard.

41. The Defendants illegally discriminated against the Plaintiff based on his membership in the Pennsylvania Army National Guard.

42. The Plaintiff was subjected to an adverse employment action, termination, because of his participation in training exercises with the Pennsylvania Army National Guard.

43. The Plaintiff has suffered financial damages as a consequence of the Defendants' violation of his rights under USERRA.

WHEREFORE, Plaintiff seeks all remedies available under the Uniformed Services Employment and Re-employment Rights Act, including back-pay, liquidated damages, front-pay, attorneys' fees and costs, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT II –

## DEFENDANTS' VIOLATION OF PMMA

44. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

45. The Plaintiff was working for the Defendants up and until the day that he left for training exercises with the Pennsylvania Army National Guard.

46. The Plaintiff properly notified the Defendants of his need for leave to participate in the military training exercises.

47. On or about June 9, 2017, the Plaintiff started his military training exercises.

48. The Defendants discriminated against the Plaintiff in violation of the PMMA by terminating him upon his return from the Pennsylvania Army National Guard training exercises.

49. The Defendants discriminated against the Plaintiff in violation of the PMMA by refusing to reemploy him.

50. The Defendants terminated the Plaintiff because of his participation in military training exercises with the Pennsylvania Army National Guard.

51. The Plaintiff suffered damages as a consequence of the Defendants' termination of his employment.

52. The Plaintiff suffered damages as a consequence of the Defendants' failure to reemploy him.

53. The Plaintiff has suffered financial damages as a consequence of the Defendants' violation of his rights under the PMAA.

WHEREFORE, Plaintiff seeks all remedies available under the Pennsylvania Military Affairs Act, including back-pay, liquidated damages, front-pay, attorneys' fees and costs, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully submitted,

By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff*
Dated: October 26, 2017

## **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.

By: /s Franklin J. Rooks Jr.

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff*
Dated: October 26, 2017